# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

JACK WILLIAMS II,

    Plaintiff,

v.                                                     Case No. 2:20-cv-00454

BETSY JIVIDEN, Commissioner, JIM JUSTICE, Governor,
CRAIG D. ROBERTS, Superintendent, and JESSICA THORNHILL, Nurse,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### I.     STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A similar screening is conducted of complaints filed by a plaintiff who seeks to proceed *in forma pauperis*, as Plaintiff is here.

Pro se complaints, such as this, are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.

However, liberal construction does not mean that the court can ignore a clear failure to allege facts setting forth a cognizable claim for relief. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the

elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted); *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

Because Plaintiff's complaint fails to state a claim upon which relief can be granted, and is otherwise subject to dismissal, Defendants have not been served with process and should not be required to appear or defend this matter.

## II. ALLEGATIONS IN COMPLAINT

Plaintiff's complaint, which was filed on July 1, 2020, alleges that the COVID-19 coronavirus was rapidly spreading through the Huttonsville Correctional Center ("HCC") (which is not where Plaintiff was incarcerated) and speculated that it would spread to the South Central Regional Jail ("SCRJ"), where he was then incarcerated, because of packages and food that were being delivered from HCC and other outside

locations, and were "possibly handled by infected people." (ECF No. 2-1 at 1).¹ The complaint further alleges that "the SCRJ" was not properly quarantining new prisoners for 14 days and that jail staff were not properly wearing personal protective equipment ("PPE"), including masks. (*Id.* at 1). Plaintiff contends that he is a "non-violent offender" who is "clearly in harm's way" and further alleges that Defendants Jim Justice, as Governor, and Betsy Jividen, as then-Commissioner of the West Virginia Division of Corrections and Rehabilitation ("WVDCR") were "in the wrong" for keeping non-violent offenders "on death row." (*Id.*) The complaint seeks "punitive and emotional damages" and Plaintiff's discharge or release from jail, along with all non-violent offenders. (*Id.*)

### III.    DISCUSSION

Plaintiff's complaint must be dismissed for several reasons. First, it fails to state a plausible claim for relief under either the Eighth or Fourteenth Amendments because Plaintiff did not plead or demonstrate that he had suffered any actual harm or that Defendants acted with deliberate indifference to a serious risk of harm to him. Second, to the extent that the complaint names Defendants in their official capacities, they are not "persons" suable under 42 U.S.C, § 1983. Third, because Plaintiff has apparently been released from custody, his claims for declaratory and injunctive relief are now moot. Finally, because Plaintiff did not comply with the Court's order to update his contact information upon his transfer or release from custody, this matter is ripe for dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

---

¹ The body of Plaintiff's complaint form does not contain any statement of his claim. Rather, the statement of claim appears to be in the first page of Attachment No. 1 thereto, along with various exhibits consisting of letters to Defendant Jividen and grievances filed by Plaintiff. (ECF No. 2-1 at 1-18). In the attachments, Plaintiff alleges that he was feeling sick and showing symptoms but was not promptly evaluated and that staff showed a "lack of concern." (*Id.*)

4

### A. Failure to state a claim upon which relief can be granted.

As noted above, the undersigned is uncertain of whether Plaintiff was a pre-trial detainee or a convicted prisoner at the time in question. If he was a pre-trial detainee, his claim arises, if at all, under the due process clause of the Fourteenth Amendment, and not under the Eighth Amendment's prohibition against cruel and unusual punishment, which applies only to sentenced prisoners. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Hill v. Nicodemus*, 979 F.2d 987, 990 (4th Cir. 1992).

However, in this context, the inquiry under both amendments is essentially analogous: whether a Defendant exhibited deliberate indifference to a serious medical need or other substantial risk of harm. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997), *overruled on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). Thus, courts often rely upon Eighth Amendment precedent when analyzing such claims by pre-trial detainees. *But see Kingsley v. Hendrickson*, 576 U.S. 389 (2015) (Fourteenth Amendment objective reasonableness standard applies to excessive force claims brought by pre-trial detainees). To date, our appellate court has not extended the holding in *Kingsley* to claims of inadequate medical treatment. *See Mays v. Sprinkle*, 992 F.3d 295, 301 (4th Cir. 2021) ("we said a pretrial-detainee-medical-deliberate-indifference claim required both an objectively serious medical condition and subjective knowledge of the condition and the excessive risk posed from inaction."); *see also Doe 4 ex rel. Lopez v. Shenandoah Valley Juv. Ctr. Comm'n*, 985 F.3d 327, 340 (4th Cir. 2021).

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates

5

receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.* at 833.

To sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official must have a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." *Id.* at 834. (Citations omitted.) The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

While courts have recognized that the COVID-19 pandemic presented a serious risk of harm, specifically to the incarcerated population, *see, e.g., Seth v. McDonough*, 461 F. Supp.3d 242, 248, 260 (D. Md. 2020), Plaintiff has not alleged that he suffered any significant physical injury stemming from potential exposure to the COVID-19 virus. Thus, his speculative complaint fails to sufficiently allege that Defendants' conduct was objectively unreasonable or that Defendants were deliberately indifferent to a substantial risk of harm to him to plausibly satisfy the subjective prong of the deliberate indifference standard. The complaint further fails to satisfy 42 U.S.C. § 1997e(e), which provides as follows:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.

(*Id.*) Thus, Plaintiff's claims for monetary damages fail as a matter of law.

Moreover, it appears that Plaintiff has simply named Defendants in their official capacities and seeks to hold them liable for alleged constitutional violations under a theory of *respondeat superior*, which is impermissible under section 1983. *Iqbal*, 556 U.S. at 675-76; *see also Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (government officials may not be held vicariously liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior* and must allege that each defendant's own individual actions violated the Constitution). Here, at best, Plaintiff has alleged that Defendants, who are or were WVDCR administrators, contractors, and the Governor of the State of West Virginia, were acting with a lack of due care by keeping inmates incarcerated when "there is no way to guarantee [their] safety." However, such allegations amount to no more than negligence, which is not sufficient to give rise to a federal constitutional claim actionable under § 1983. For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint fails to state a plausible claim upon which relief can be granted and is subject to dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

### B. Plaintiff's claims for injunctive relief are moot.

Plaintiff has apparently been released from custody and did not update his contact information with the Clerk's Office. Thus, his current whereabouts are unknown. To the extent that Plaintiff was seeking injunctive relief, including his release

from custody, such requests for relief are now moot because he was so released.[2] The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") In light of Plaintiff's release from custody at the SCRJ, his claims for injunctive relief are moot and the court lacks subject matter jurisdiction to grant such relief.

---

[2] A request for release from custody is generally only appropriately made in a petition for a writ of habeas corpus. However, when a challenge is made to the conditions of, rather than the fact or duration of confinement, the appropriate remedy is under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement may be presented in a § 1983 action"). Irrespective of the proper vehicle for relief, Plaintiff's request for his own release is no longer actionable. Moreover, as a *pro se* litigant, Plaintiff may not pursue relief on behalf of other individuals or class of individuals. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others."). Thus, to the extent that Plaintiff's complaint sought the release of "all non-violent offenders," it fails to state a claim upon which relief can be granted.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that any claims for injunctive relief made by Plaintiff herein must be dismissed as moot and for lack of subject matter jurisdiction under Rule 12(h)(3).

### C. Plaintiff's failure to comply with the requirement to update his contact information warrants dismissal under Rule 41(b).

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Plaintiff is wholly responsible for having not updated his contact information and not communicating in any way with the court since his release from custody. As a

result, his whereabouts are unknown, and it appears that he has abandoned this civil action. Moreover, although no defendant has been served with process, the dilatory actions by Plaintiff would arguably prejudice any defense. Thus, at this point, there does not appear to be a sanction less drastic than dismissal without prejudice. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's failure to prosecute this matter warrants dismissal under Rule 41(b).

## IV. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's complaint (ECF No. 1) and this civil action pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)B), as well as Rules 12(h)(3) and 41(b) of the Federal Rules of Civil Procedure.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474

U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff at his last provided address.

May 7, 2024

Dwane L. Tinsley
United States Magistrate Judge